## E. L. BRAUNSTEIN AND OTHERS v. PETER MARKUS AND OTHERS.[1]

May 29, 1924.

No. 23,954.

**Vacation of award annuls a defense based on award.**

> Where an "acount stated" is pleaded as a defense and it appears that the account as stated was based largely upon the decision of an arbiter in the matter, and that the agreement to arbitrate and the decision of the arbiter is vacated and set aside, the same renders the "account stated" ineffectual and of no effect as evidence.

Action in the district court for Hennepin county by the partners doing business as Braunstein & Son against the partners doing business as Kansas City Army & Navy Supply Company to recover $7,552.60. The case was tried before Baldwin, J., who when plaintiff rested and at the close of the testimony denied defendants' motion for a directed verdict, and granted plaintiff's motion to direct a verdict in their favor for the amount demanded. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*George B. Leonard* and *Leonard Street & Deinard,* for appellants.
*Allen & Fletcher* and *William F. Friedman,* for respondents.

QUINN, J.

During the months of September, October and November, 1920, plaintiffs sold and delivered to defendants merchandise to the amount of $24,592.70. Defendants paid thereon the sum of $17,040.10, leaving a balance owing thereon of $7,552.60, to recover which this action was brought. Defendants admit the sale and delivery of the merchandise, but plead an offset and counterclaim by way of an account stated on March 16, 1921, including other transactions as well as the merchandise account, showing a balance of $3,307.40 owing from the plaintiffs to the defendants, for which

[1]Reported in 199 N. W. 19.

they ask judgment. In their reply plaintiffs allege that a dispute arose between them prior to March 16, involving certain army blankets aside from the merchandise mentioned; that they agreed to submit their differences to L. L. Swarthe as an arbitrator for adjustment; that in conformity therewith a hearing was had and the arbiter made a decision by which defendants refused to abide; that later another agreement was made between them to further continue the arbitration which was entered upon, but which the defendants abandoned and refused to abide by; that, as a result of the defendants' refusal to carry out and abide the result of such arbitration, plaintiffs were compelled to bring this action. This cause was tried along the lines indicated, and at the close of the testimony the court directed a verdict in favor of the plaintiffs for the amount solicited in their complaint. From an order denying their motion for judgment or for a new trial, defendants appealed.

The plaintiffs, as copartners, are engaged in the wholesaling of merchandise at Minneapolis. E. L. Braunstein, one of the partners, lived in Pittsburg, where he conducted a business of his own, known as the U. S. Supply Stores Company. The defendants were doing business as copartners under the name of Kansas City Army and Navy Salvage Company. During the fall of 1920, the two copartnerships jointly purchased a large number of army blankets for the purpose of their jobbing business. Subsequently a dispute arose over the transaction. In January, 1921, a written agreement was entered into between the parties, to submit the controversy to L. L. Swarthe, an attorney of Minneapolis. Thereafter the parties met and set forth their various contentions. On February 24 the arbiter made his decision. The findings were not carried out. On March 16, 1921, the parties got together and a statement of account was made, including a number of items contained in the decision of the arbiter. Further discussions were had, and finally on September 12, 1921, the parties again met, an agreement was signed to further arbitrate, and again they appeared before Swarthe and a further hearing was had. Finally defendants refused to proceed further.

Thereupon application was made to a judge of the district court to have the decision of the arbiter vacated and set aside. The parties appeared, hearing was had, and an order filed, setting aside and vacating the agreement for arbitration and the decision of the arbiter. Judgment was entered and no appeal was taken. Upon the trial of the present action, that judgment roll was placed in evidence. At the close of the testimony the court directed a verdict in favor of the plaintiff for the amount asked for in the complaint. The trial court was right in so doing. Whatever of an account stated was rendered was largely based upon the decision of the arbiter, during the disagreement of the parties. By the subsequent conduct of the parties and the order and judgment of the court the agreement for arbitration and decision based thereon were fully and completely vacated and set aside. The effect of the account stated was thereby rendered ineffectual if it ever had any effect or validity.

Affirmed.